**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 02-cr-00324-REB
(Civil Action No. 12-cv-02148-REB)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  TERRY LEE DOOLEY,

      Defendant.

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

The matter is before me on the defendant's *pro se* **Motion Requesting Reconsideration of Court's August 22, 2010 Order Denying Motion Pursuant to 28 U.S.C. § 2255** [#114][1] filed October 1, 2012.[2] On November 2, 2012, the government filed a response [#117], and on November 23, 2012, Mr. Dooley filed a reply [#118]. After careful review of the motion and the file, I conclude that the motion should be denied whether considered as a *bona fide* motion to reconsider because it flunks under the standards enunciated in ***U.S. v. Christy***, 739 F.3d 534, 539 (10th Cir. 2014); or as a

---

[1] "[#114]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Mr. Dooleyis proceeding *pro se*; thus, I have afforded him the judicial munificence due a *pro se* litigant. **See *Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

successive motion to vacate under 28 U.S.C. § 2255(h) because this court lacks jurisdiction and the Tenth circuit Court of Appeals has not authorized its filing; or as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) because it is not timely filed; or as a motion seeking relief from a judgment under Fed. R. Civ. P 60(b) because it is not factually and legally unwarranted.[3]

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), this court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). To the extent Mr. Dooley is seeking relief under 28 U.S.C. § 2255, he has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied.

Under 28 U.S.C. § 1915(a)(3), the court certifies that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Dooley files a notice of appeal, he also must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

---

[3] I adopt and approve the reasons stated, arguments advanced, and authorities cited by the government in its response [#117] in further support of my findings, conclusions, and orders.

Circuit within thirty days in accordance with Fed. R. App. P. 24.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion Requesting Reconsideration of Court's August 22, 2010 Order Denying Motion Pursuant to 28 U.S.C. § 2255** is denied;

2. That to the extent relevant, a certificate of appealability is denied;

3. That leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit; and

4. That Civil Action No. 12-cv-02148-REB is closed.

Dated August 4, 2015, at Denver, Colorado.

                                              **BY THE COURT:**

                                              */s/ Robert E. Blackburn*
                                              Robert E. Blackburn
                                              United States District Judge